IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SYNOVUS BANK, etc.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 11-0116-WS-B |
| | ) |
| The vessel ACCU V, etc., | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This matter is before the Court on defendant Stryker Emmerton's "Rule 56(d) motion." (Doc. 85). The plaintiff has filed a brief in opposition, (Doc. 94), and the motion is ripe for resolution.

The plaintiff filed its complaint against the vessel in March 2011. The owner filed a claim and answer in April 2011, (Docs. 14, 21), and in May a small claimant filed a complaint in intervention. (Doc. 26). The Magistrate Judge entered a Rule 16(b) scheduling order in June that established a discovery deadline of December 30. (Doc. 46).

On August 31, the plaintiff filed a timely motion for leave to file an amended complaint, which the Court granted without opposition. (Doc. 57). The amended complaint, filed September 22, added a number of in personam defendants, constituting the borrower and several guarantors on the debt secured by the defendant vessel. (Doc. 58). Emmerton, one of the guarantors, answered the complaint on November 1, 2011. (Doc. 62). At that point, two months remained in the discovery period. Emmerton admits that he did not engage in any discovery whatsoever, nor did he protest the plaintiff's failure to provide Rule 26(a) initial disclosures. (Doc. 85 at 2). Emmerton did not seek an extension of the discovery deadline, which passed quietly on December 30.

[1]

On January 13, 2012, the plaintiff filed a timely motion for partial summary judgment as to Emmerton. (Doc. 74). By his present motion, Emmerton seeks a denial of the plaintiff's motion or a delay in its consideration pending Emmerton's partaking of discovery.

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).[1]

"The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus*, 120 F.3d 248, 253 (11th Cir. 1997). It may thus be an abuse of discretion to rule on a motion for summary judgment while denying a motion to defer ruling pending the completion of outstanding discovery. *See id*.

But Emmerton has no outstanding discovery requests because, as noted, he elected not to pursue any discovery at all. The purpose of Rule 56(d) is to enable a nonmovant to resist the premature determination of a dispositive motion before he has a chance to take or complete necessary discovery; its purpose is not to rescue a litigant that elects to forgo discovery when the opportunity is offered him. As the Eleventh Circuit has noted, "[t]he most common situation in which [Rule 56(d)] will not be applied to aid a nondiligent party arises when the nonmovant has complied with Rule [56(d)] but has failed to make use of the various discovery mechanisms that are at his disposal or seeks a continuance of

---

[1] In December 2010, former Rule 56(f) was "carried forward without substantial change" as Rule 56(d). Fed. R. Civ. P. 56 advisory committee comments 2010 amendments. Both parties cite freely to cases decided under former Rule 56(f), and the Court does likewise.

the motion for that purpose." *Barfield v. Brierton*, 883 F.2d 923, 933 n.11 (11th Cir. 1989) (internal quotes omitted).[2]

Emmerton insists he should be excused from this rule because: (1) by the time he appeared, only two months remained in the discovery period (since the scheduling order was entered before he was added as a party); and (2) he used that time to explore settlement. (Doc. 85 at 2). The Court applauds efforts to resolve disputes informally, but litigation is not held in abeyance sub silentio merely because the parties negotiate on the side. If Emmerton deemed two months insufficient to conduct discovery, he was at liberty to seek an extension of that time from the Magistrate Judge. But he declined to do so, or to engage in discovery at all, at his peril.[3]

For the reasons set forth above, Emmerton's Rule 56(d) motion is **denied**.[4]

DONE and ORDERED this 22nd day of February, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] This appears to be the universal rule. *See, e.g., Dennis v. Osram Sylvania, Inc.*, 549 F.3d 851, 860 (1st Cir. 2008); *Baker v. American Airlines, Inc.*, 430 F.3d 750, 756 (5th Cir. 2005); *White v. BFI Waste Services, LLC*, 375 F.3d 288, 295 n.2 (4th Cir. 2004); *Grayson v. O'Neill*, 308 F.3d 808, 816 (7th Cir. 2002); *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1996); *Berkeley v. Home Insurance Co.*, 68 F.3d 1409, 1414 (D.C. Cir. 1995); *Lunderstadt v. Colafella*, 885 F.2d 66, 71 (3rd Cir. 1989); *Mallory v. Noble Correctional Institute*, 45 Fed. Appx. 463, 469 (6th Cir. 2002).

[3] The single case on which Emmerton relies – which involved the denial of a Rule 56(d) motion even though the defendant had not responded to the plaintiffs' timely discovery requests – does not sanction his position herein.

[4] Emmerton has filed an opposition to the motion for partial summary judgment. (Doc. 86). The plaintiff is ordered to file and serve any reply on or before March 2, 2012. The Court will take the motion for partial summary judgment under submission on March 2, 2012.