IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SYNOVUS BANK, etc.,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 11-0116-WS-B |
| | ) |
| **The vessel ACCU V, etc., et al.,** | ) |
| | ) |
|    **Defendants.** | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion for partial summary judgment against defendant Stryker Emmerton, (Doc. 74), pursuant to which the plaintiff seeks partial summary judgment "as to Emmerton's obligations to pay under his Guaranty," with the quantum of damages to be determined subsequently. (Doc. 75 at 2). The parties have filed briefs and other materials in support of their respective positions, (Docs. 75-77, 86, 101, 105), and the motion is ripe for resolution.

**BACKGROUND**

According to the amended complaint, (Doc. 58), the defendant Accumarine Transportation, L.P. ("Accumarine") borrowed several million dollars from the plaintiff, secured by a preferred ship mortgage ("PSM") on the defendant vessel and other security. Several individuals and entities executed guaranties of payment of Accumarine's debt. Accumarine defaulted in payment and has not made full and final payment. The plaintiff brought this action against the in rem defendant and purchased it at a marshal's sale. It also sold in another jurisdiction two other vessels as to which it held PSMs.

By amended complaint, the plaintiff added Accumarine and five guarantors as defendants. According to the amended complaint, "[a]pplication of the sale proceeds from all three vessels less expenses in custodia legis from all three vessels will leave a

[1]

deficiency still due and owing to Plaintiff in the amount owed by Defendants herein." (*Id*. at 6).  Count Four alleges that Emmerton has breached his guaranty and is liable to the plaintiff for all outstanding indebtedness.  (*Id*. at 9-10).

## DISCUSSION

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial."  *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991).

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. [citation omitted] In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the nonmoving party."  *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc) (emphasis in original); *accord Fitzpatrick*, 2 F.3d at 1115.

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made."  *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993); *accord Mullins*, 228 F.3d at 1313; *Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact."  *Fitzpatrick*, 2 F.3d at 1116; *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another

party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

"There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment," *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995), and the Court accordingly limits its review to those arguments the parties have expressly advanced.

Emmerton's guaranty provides that it "shall be governed by the laws of the State of Alabama." (Doc. 58, Exhibit F at 4, ¶ 14). "Every suit on a guaranty agreement requires proof of the existence of the guaranty contract, default on the underlying contract by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty." *Delro Industries, Inc. v. Evans*, 514 So. 2d 976, 979 (Ala. 1987).

Emmerton initially questioned the plaintiff's proof of Accumarine's underlying obligation, on the grounds that, although the note and its two modifications were in evidence, no affiant authenticated them. (Doc. 86 at 3-6). The plaintiff then submitted an affidavit doing precisely that. (Doc. 101, Hammond Affidavit, ¶ 9). The Court offered Emmerton the opportunity to challenge the adequacy of this authentication, (Doc. 102), and Emmerton declined to do so. (Doc. 105 at 1-2). The existence of the underlying obligation has been fully established.

The original Hammond affidavit reflects that Accumarine has made no payments on its debt since March 2010 and has not paid the balance due. (Doc. 75, Hammond Affidavit, ¶¶ 4-5). This establishes "default on the underlying contract by the debtor," and Emmerton makes no argument to the contrary.

The original Hammond affidavit authenticates the Emmerton guaranty attached to the amended complaint and negates any cancellation of the guaranty. (Doc. 75,

Hammond Affidavit, ¶¶ 7-8).  This establishes "the existence of the guaranty contract," and Emmerton makes no argument to the contrary.

The original Hammond affidavit states that Emmerton has not paid the balance due under Accumarine's note as modified and negates the existence of any unsatisfied prerequisite to demand under the guaranty.  (Doc. 75, Hammond Affidavit, ¶¶ 5-6).[1]  This establishes "nonpayment of the amount due from the guarantor under the terms of the guaranty," and Emmerton makes no argument to the contrary.

The original Hammond affidavit reflects that the plaintiff has received funds from the sale of a vessel and a settlement with two other guarantors.  (Doc. 75, Hammond Affidavit, ¶ 17).  Emmerton objects that the plaintiff cannot obtain partial summary judgment without proving the existence of a deficiency and its amount.  (Doc. 86 at 6-10).  The elements of a claim on a guaranty, however, are set forth in *Delro Industries*, and they do not include proof of a deficiency remaining after the proceeds of collateral and other guaranties are taken into account; Emmerton's reading to the contrary is insupportable.[2]

The guaranty makes Emmerton "liable for … all reasonable attorneys' fees, collection costs and enforcement expenses referable" to the note.  (Doc. 58, Exhibit F at 1, ¶ 4).  It likewise requires Emmerton to "pay or reimburse Lender for all costs and expenses (including reasonable attorneys' fees and legal expenses) incurred by Lender in

---

[1] The guaranty appears to be continuing.  "[T]o recover under a …continuing guaranty, an additional element, notice to the guarantor of the debtor's default, must be proved." *Delro Industries*, 514 So. 2d at 979.  However, "[t]he language of the guaranty is controlling in determining whether the holder of the guaranty is under a duty to notify the guarantor of a default by the principal, and notice need not be given when the terms of the guaranty expressly dispense with the need for it."  *Sharer v. Bend Millwork Systems, Inc*., 600 So. 2d 223, 226 (Ala. 1992) (applying the rule to a continuing guaranty).  Because the guaranty provides that Emmerton waives notice of dishonor or nonpayment, (Doc. 58, Exhibit F at 3, ¶ 11), the plaintiff is not required to plead or prove such notice.

[2] Emmerton remains free to insist on such proof at the damages phase.

connection with the protection, defense or enforcement of this Guaranty in any litigation ….." (*Id*. at 2, ¶ 5). These provisions establish that Emmerton is liable for such fees and costs, and Emmerton makes no argument to the contrary.

Based on the foregoing, there is no genuine issue of material fact or law, and Emmerton's liability to the plaintiff under his guaranty, including for attorney's fees and expenses, stands established. Accordingly, the plaintiff's motion for partial summary judgment as to Emmerton's obligations to pay under the guaranty is **granted**.

The plaintiff asks the Court to enter judgment in its favor and allow it to prove up its damages by affidavit in "post-judgment pleadings." (Doc. 74 at 3; Doc. 75 at 2, 10-11). This is not possible. Without a determination of the amount of the judgment to be entered, no judgment can or will be entered.[3] Nor can the determination be made at this time on affidavit, unless Emmerton agrees. The plaintiff declined to move for summary judgment as to damages, and the time for filing dispositive motions has passed.

This case is set for final pretrial conference on April 17, 2012, but it clearly is not ready for trial. Of the four in personam defendants that have not settled with the plaintiff, one was served only on February 22, 2012, (Doc. 100), and another filed his answer the same date. (Doc. 96). The Court will not be put to the inefficiency of resolving the

---

[3] This is so with respect to costs and attorney's fees as fully as with respect to principal and interest. Rule 54(d) allows a claim for attorney's fees and related nontaxable expenses to be made by post-judgment motion "unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). "As noted in subparagraph (A), it [Rule 54(d)(2)] does not, however, apply to fees recoverable as an element of damages, as when sought under the terms of a contract …." *Id*. 1993 advisory committee notes; *see also Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc.*, 312 F.3d 1349, 1355 (11th Cir. 2002) ("In this Circuit, a request for attorneys' fees pursuant to a contractual clause is considered a substantive issue …."); *Ierna v. Arthur Murray International, Inc*., 833 F.2d 1472, 1476 (11th Cir. 1987) ("When the parties contractually provide for attorneys' fees, the award is an integral part of the merits of the case.").

plaintiff's claims against these defendants and Emmerton in separate trials.[4] Accordingly, the final pretrial conference is indefinitely **continued**. The Magistrate Judge will direct the parties as to filing a supplemental Rule 26(f) report, following which she will enter an amended Rule 16(b) scheduling order that will, inter alia, establish new dates for the final pretrial conference and trial.

DONE and ORDERED this 19th day of March, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] After the Court prepared this order, the plaintiff filed an application for entry of default against the non-answering defendant, (Doc. 106), which remains under consideration. It does not affect the reasoning or result of this opinion.