IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SYNOVUS BANK, etc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 11-0116-WS-B |
| | ) |
| The vessel ACCU V, etc., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's application for entry of final judgment against defendant Accumarine Transportation, L.P. ("Accumarine), (Doc. 130), which the Court construes as a motion for entry of default judgment.[1] Because Accumarine appeared in the action prior to the filing of the amended complaint asserting in personam claims against it, it is entitled to notice of the pending motion, Fed. R. Civ. P. 55(b)(2), which notice has been provided. (Doc. 130 at 2; Doc. 133). Although served far more than seven days ago, Accumarine has not responded, and the motion is ripe for resolution.

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact .... A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, "a default judgment

---

[1] Default was entered against Accumarine in February 2012 for failure to plead or otherwise defend, (Docs. 88-89), and Accumarine has not subsequently appeared or sought to set the default aside.  The plaintiff thus must be seeking entry of default judgment under Rule 55(b). Because the plaintiff seeks attorney's fees and expenses as part of its contractual recovery, and because the reasonableness of such fees and expenses cannot "be made certain by computation," entry of default judgment must proceed from the Court under Rule 55(b)(2) and not from the Clerk under Rule 55(b)(1). "A request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1).

[1]

cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 n.41 (11th Cir. 1997). Rather, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Security, LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (emphasis omitted).

The amended complaint alleges that the plaintiff loaned Accumarine several million dollars, that Accumarine is in default under the terms of the note as modified, and that the amount remaining due is $4,185,000, plus interest, attorney's fees and costs, and all other charges and fees, less the $300,000 for which the defendant vessel was sold and less the net sales proceeds of two other vessels sold in other proceedings. (Doc. 58 at 3-4, 6-7). Count I asserts a claim against Accumarine for breach of contract and seeks recovery of the amount set forth above. (*Id*. at 7). There is no question but that these allegations actually state a cause of action and that the amended complaint contains a substantive, sufficient basis for the relief sought.

Accumarine is not an infant, incompetent or member of the military, and the requirements of Rule 55(b)(2) and the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521, therefore do not apply. The procedural predicates for entry of default judgment being satisfied, the Court turns to the amount of the judgment to be entered.

"While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and the character of damages." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1084 n.4 (S.D. Ala. 2007); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court [on entering default judgment] has an obligation to assure that there is a legitimate basis for any damage award it enters ...."); *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (on default judgment, "[d]amages may be awarded only if the record adequately reflects the basis for award ...."); 10A Charles Alan

Wright & Arthur R. Miller, Federal Practice and Procedure § 2688 at 58-59 (3rd ed. 1998) ("If the court determines that [the] defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). Thus, the mere granting of default judgment does not establish the plaintiff's entitlement to any quantum of damages.

A hearing to establish damages is not universally required. None is needed "where all essential evidence is already of record ..., such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *Securities and Exchange Commission v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). Here, suit is brought on a note, which has been submitted along with affidavits from the plaintiff's representative and its counsel, and the plaintiff does not request a hearing. Accordingly, none will be held.

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Fed. R. Civ. P. 54(c). As noted, the amended complaint prays for recovery of $4,185,000, less the net proceeds of three vessel sales, plus interest, costs and attorney's fees. The plaintiff now seeks entry of judgment in the amount of $3,113,431.77, including attorney's fees. The motion for default judgment thus does not seek judgment different in kind or higher in amount than that prayed for in the amended complaint.

The affidavit of the plaintiff's representative establishes that the amount of indebtedness remaining after accounting for the vessel sales and settlements with other guarantors, plus all costs other than attorney's fees, is $2,927,137.60. (Doc. 131).

Pursuant to the note, Accumarine "agree[d] to pay all costs of collecting, or securing, or attempting to collect or secure this note, including a reasonable attorney's fee …." (Doc. 58, Exhibit C at 4-5). By this language, Accumarine agreed to pay reasonable attorney's fees arising from the plaintiff's efforts to recover from Accumarine but not such fees associated with the plaintiff's efforts to recover from the various guarantors.

Accordingly, the plaintiff will not be awarded attorney's fees and expenses incurred in connection with its efforts to recover from the guarantors.

The plaintiff seeks recovery of $178,405.50 in attorney's fees. Although a copy of invoices and billing summaries supporting this figure was promised, (Doc. 132 at 3), it has not been submitted. Accordingly, the Court must rely on the invoices and billing summaries previously submitted in connection with the plaintiff's motion for default judgment against guarantor Aspen Orleans, L.P. ("Aspen"). Those records support only the slightly smaller figure of $176,365.50, which represents the maximum amount the plaintiff can be awarded.

In its order granting the plaintiff's motion for default judgment against Aspen, (Doc. 135), the Court excluded those hours expended with respect to guarantors other than Aspen. As to the remaining hours, the Court made downward adjustments to the hourly rate claimed by certain attorneys and paralegals. All of those determinations, which resulted in a reduced fee award of $104,032.50, apply with equal force on the present motion. To those reductions need be added only those hours (at the reduced hourly rate) expended with respect to the plaintiff's efforts against Aspen. After thoroughly reviewing the submitted records, the Court concludes that the following additional reductions are appropriate:

| Attorney/Paralegal | Hours Excluded | Hourly Rate | Amount Excluded |
|---|---|---|---|
| Ms. Heisterhagen | 2.3 | $150 | $345.00 |
| Mr. Joseph | 0.6 | $275 | 165.00 |
| Mr. Kavanagh | 3.4 | $260 | 884.00 |
| Mr. Lee | 8.6 | $150 | 1,290.00 |
| Mr. Warren | 2.3 | $175 | 402.50 |
| Mr. Harris | 1.1 | $75 | 82.50 |
| Ms. McLain | 19.9 | $75 | 1,492.50 |
| Ms. Stober | 1.5 | $75 | 112.50 |
| Total | | | $4,774.00 |

[4]

The residual, reasonable attorney's fee, which will be included in the judgment against Accumarine, is $99,258.50.

The plaintiff seeks expenses incurred by counsel in the amount of $7,888.67. In its previous order, the Court determined that $50.61 should be excluded as clearly related to efforts directed against the guarantors other than Aspen. The Court now determines that another $145.29 in expenses relates to efforts directed against Aspen, primarily in connection with the plaintiff's efforts to serve Aspen with process. The Court concludes that the remaining $7,692.78 in expenses was reasonably incurred and reasonable in amount, and it will be included in the judgment against Accumarine.

In summary, the plaintiff's motion for default judgment is **granted**. The plaintiff is entitled to judgment against Accumarine in the amount of $3,034,088.88. Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 4th day of October, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE